IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR HENDRY COUNTY, FLORIDA                                                                                                          PROBATE DIVISION

IN RE: ESTATE OF                                                         CASE #: 18-CP-000138

BERNARD W. RUSSE
   Deceased.                                                                  Division Probate
_____/
                                                                                                                                 Adversary Proceeding #1

GERALD RUSSE and SUSAN RUSSE ENGLISH
   Petitioners
v.

RESPONDENT
   Respondent
_____/

## THIRD AMENDED PETITION TO REMOVE
## PERSONAL REPRESENTATIVE AND FOR DAMAGES

      **COMES NOW**, Petitioners, Gerald Russe and Susan Russe English, by and through undersigned counsel, and sues Respondent Deborah Russe Gonzalez and alleges:

1. Bernard Russe has four children, to wit: Gerald Russe, Susan Russe English, Terry Russe, and Deborah Russe Gonzalez (hereinafter "Respondent").

2. Bernard Russe died April 4, 2018 in Bandera County, Texas owning assets in the State of Florida at the age of 87. (hereinafter "Decedent")

3. Bernard Russe's Last Will and Testament drafted in South Carolina, dated May 5, 2016, was admitted to probate on November 28, 2018.

4. Respondent and Terry Russe were appointed co-personal representatives.

5. Terry Russe resigned as personal representative, leaving only Respondent as the sole personal representative of this Estate.

6. At all material times, Respondent had a power of attorney for Decedent dated 11-4-14 which she utilized during his lifetime.

7. The power of attorney for Decedent dated 11-4-14 naming Respondent specifically *excluded* gifting authority.

8. Since at least 2010, possibly earlier, Decedent needed assistance in managing his personal and financial affairs and Respondent volunteered to assist as she had worked for Bank of America in various departments to include the Estate Department.
9. Since at least 2010, possibly earlier, Respondent had all the Decedent's mail sent to her Post Office Box in South Carolina.
10. Since at least 2010, possibly earlier, Respondent had access to all the Decedent's bank accounts.
11. Since at least 2010, possibly earlier, Respondent paid all the Decedent's bills using the Decedent's money.
12. Respondent had blank checks for the Decedent's bank accounts which she had Decedent pre-sign in blank for her to use if she did not use her power of attorney to sign the check.
13. Respondent either wrote a check for Decedent to sign or used her power of attorney to write checks for the benefit of the Decedent.
14. Respondent had a fiduciary and confidential relationship with Decedent as she was his power of attorney and had access to all his bank accounts.
15. In September 2016, Decedent was diagnosed with colon cancer and underwent surgery and numerous chemotherapy treatments.
16. The cancer left the Decedent weak of body and mind.
17. On January 17, 2017, Respondent used her power of attorney to write herself a $30,000.00 cashier check from the Decedent's assets located at Florida Community Bank. **Exhibit A.**
18. At no time did the Decedent authorize Respondent to use her power of attorney to write herself a $30,000.00 cashier check.
19. Respondent did not inform the Decedent during his lifetime that she had used her power of attorney to write herself a $30,000.00 cashier check.
20. The $30,000.00 cashier check was only discovered after the Decedent died and the Plaintiff reviewed the bank records of Florida Community Bank.
21. Respondent claims the check was to reimburse herself for expenses of the West Virginia cabin, yet, the Decedent's bank accounts show all expenses for the cabin were paid for by Decedent.

22. In fact, Respondent used her power of attorney to sign the checks to pay the expenses on the West Virginia cabin which at all material times was titled in her name, her husband's name and the Decedent's name as joint tenant with right of survivorship.
23. So, Respondent was using the Decedent's monies to pay expenses on real property titled as joint tenant with right of survivorship without contribution when she should have paid 2/4 of these expenses as joint tenants.
24. Respondent's writing the check (taking) and use of the $30,000.00 is a breach of her fiduciary duty as power of attorney to the Decedent.
25. Respondent failed to produce any receipts for expenses of the West Virginia cabin that she paid personally to validate her claim that the $30,000 check was a reimbursement.
26. On June 1, 2017, Respondent (during a time when she was power of attorney) filled out check #5856 and allegedly had the Decedent sign the check on June 1, 2017 providing Deborah $67,000.00 from the Decedent's assets located at Florida Community Bank. **Exhibit B.**
27. However, Respondent was not with the Decedent on June 1, 2017.
28. At no time did the Decedent authorize Respondent to fill out check #5856.
29. Respondent did not see the Decedent until he made his last and final trip to visit his cabin in West Virginia in mid-June through July 2017.
30. Respondent states that the $67,000.00 was provided to her by the Decedent to "hold the money" in trust for the Decedent.
31. Therefore, the $67,000.00 is an asset of the Estate by Respondent's own statement.
32. Yet, Respondent used the $67,000.00 for her personal use.
33. Respondent's use of the $67,000.00 is a breach of her fiduciary duty as trustee (constructive trust created) to the Decedent.
34. Respondent's writing the check (taking) and use of the $67,000.00 is a breach of her fiduciary duty as power of attorney to the Decedent.
35. At this time, the Decedent was an elderly person in weak physical health due to his age and medical issues and weak mental status due to his medical issues and cognitive impairment such that Decedent was easily susceptible to influence.
36. At this time, the Decedent did not know what he was signing when he put his name to check #5856.

37. The $67,000.00 check was only discovered after the Decedent died and the Plaintiff reviewed the bank records of Florida Community Bank
38. At all material times, the Decedent's testamentary intent was as expressed in his Last Will and Testament leaving Respondent real property and the residue of his estate equally to Gerald Russe, Susan Russe English, and Terry Russe.
39. Through trickery, conniving and malfeasance, Respondent had herself named pay on death beneficiary of the Decedent's Florida Community Bank account.
40. The Florida Community Bank record shows Deborah closed the account and collected $84,306.23. **Exhibit C.**
41. This POD designation was only discovered after the Decedent died and the Plaintiff reviewed the bank records of Florida Community Bank.
42. Through trickery, conniving and malfeasance, Respondent had herself named pay on death beneficiary of the Decedent's Poca Valley Bank account.
43. The Poca Valley Bank records show Deborah collected $9,115.31. **Exhibit D.**
44. This POD designation was only discovered after the Decedent died and the Plaintiff reviewed the bank records of Florida Community Bank.
45. Through trickery, conniving and malfeasance, Respondent changed the beneficiary on the Decedent's three life insurance policies to herself which she collected upon the Decedent's death and retains all the monies.
46. Respondent has specialized knowledge which allowed her to name herself as beneficiary through her work experience with Bank of America making her a sophisticated fiduciary.
47. To cover up her malfeasance, Respondent filed a probate in South Carolina which has no ties to Decedent as he died in Texas owning real property in Florida.
48. During this time, Respondent refused to provide a copy of the last will and testament of the Decedent to the Petitioners.
49. To cover up her malfeasance, Respondent misrepresented the estate assets to the Petitioners and the terms of the Decedent's will to include a false representation that the will contained a "no-contest" clause.
50. Then, based upon this misrepresentation, Respondent attempted to coerce and induce the other siblings to accept a $20,000 each payment as settlement of the Estate when she opened the South Carolina Estate to cover up her malfeasance.

51. Petitioners had to file an action in South Carolina to have the probate closed for lack of jurisdiction.
52. Respondent also gifted to herself significant sums of money to include but not be limited to $1,600.00 for a new computer, a $500 check, and other checks.
53. Petitioners, Gerald Russe and Susan Russe English, have standing to pursue this action as Estate beneficiaries.
54. All conditions precedent to this action have been performed, discharged, and/or waived.
55. Petitioner retained the KUHN LAW FIRM, P.A. to represent him in this action and has agreed to pay the firm a reasonable fee for its services

## COUNT 1 – BREACH OF FIDUCIARY DUTY AS POWER OF ATTORNEY

56. This is an action by Petitioners, Gerald Russe and Susan Russe English, against Respondent Deborah Russe Gonzalez for breach of fiduciary duty as power of attorney pursuant to Florida Statute §709.2117.
57. Petitioners re-allege Paragraphs 1-55 as if stated verbatim.
58. Respondent held a power of attorney over Decedent.
59. Respondent had a duty to Decedent pursuant to Florida Statute §709.2114 to include:
    a. Must act only within the scope of authority granted in the power of attorney.
    b. Must act in good faith.
    c. May not act in a manner that is contrary to the principal's best interest.
    d. Must attempt to preserve the principal's estate plan.
    e. Must keep a record of all receipts, disbursements, and transactions made on behalf of the principal.
    f. Act loyally for the sole benefit of the principal.
    g. Act so as not to create a conflict of interest that impairs the agent's ability to act impartially in the principal's best interest.
    h. If an agent is selected by the principal because of special skills or expertise possessed by the agent or in reliance on the agent's representation that the agent has special skills or expertise, the special skills or expertise must be considered in determining whether the agent has acted with care, competence, and diligence under the circumstances.

60. Respondent breached her duty to Decedent pursuant to Florida Statute §709.2114 to include but not be limited to:
    a. Acted beyond the scope of authority granted in the power of attorney.
    b. Acted in bad faith.
    c. Acted contrary to the Decedent's best interest.
    d. Failed to follow and changed the Decedent's estate plan.
    e. Failed to keep a record of all receipts, disbursements, and transactions made on behalf of the Decedent.
    f. Failed to act loyally for the sole benefit of the Decedent.
    g. Acted so as to create a conflict of interest that impairs the agent's ability to act impartially in the Decedent's best interest.
    h. Used her knowledge of the banking system for self-dealing.
61. Respondent breached her duty to Decedent pursuant to Florida Statute §709.2114 to include gifting monies to herself without authority
62. The Decedent was damaged.
63. Respondent is liable to the Decedent pursuant to Florida Statute §709.2117 to restore the value of the Decedent's property to what it would have been had the violation not occurred and pay such funds to the Estate.
64. The recovery of attorney fees and costs is authorized where the agent breaches their duty pursuant to Florida Statute §709.2116.

**WHEREFORE**, Petitioners, Gerald Russe and Susan Russe English, request judgment in their favor and against Respondent awarding compensatory damages, pre and post judgment interest, attorney fees and costs.

## COUNT 2 – TORTIOUS INTERFERENCE WITH EXPECTANCY OF INHERITANCE

65. This is an action by Petitioners, Gerald Russe and Susan Russe English, against Respondent Deborah Russe Gonzalez for tortious interference with expectancy of inheritance and damages in excess of $75,000.00 exclusive of costs and attorney's fees.
66. Petitioners re-allege Paragraphs 1-55; 58-61 as if stated verbatim.

67. Petitioners had an expectancy to be a beneficiary of and receive property from the Decedent's Estate.
68. Respondent intentionally interfered with the expectancy though tortious conduct, including duress, fraud, undue influence, breach of fiduciary duty, and self-dealing.
69. Respondent intentionally interfered with the expectancy though tortious conduct to include spending monies provided to her by the Decedent to be held in trust.
70. Respondent intentionally interfered with the expectancy though tortious conduct to include writing checks to herself.
71. Respondent intentionally interfered with the expectancy though tortious conduct to include making accounts payable upon death to herself.
72. If not for the tortious conduct of Respondent, the Petitioners would have received the monies improperly taken [$1,600, $500, $30,000.00, the $67,000.00 the $9,115.31, and the $84,306.23] which would have flowed to the Estate then to Petitioners as a beneficiary of the Estate pursuant to the Will.
73. Respondent is the direct cause of the tortious and intentional actions.
74. Petitioners have been damaged as they have not received their share as beneficiary of the Estate.

**WHEREFORE**, Petitioners, Gerald Russe and Susan Russe English, request judgment in their favor and against Respondent awarding compensatory damages, pre and post judgment interest, and costs.

### COUNT 3 – SET ASIDE ALL PAYABLE ON DEATH, TRANSFER ON DEATH OR JOINT ACCOUNTS THAT DECEDENT HAD WITH RESPONDENT

75. This is an action by Petitioners, Gerald Russe and Susan Russe English, against Respondent Deborah Russe Gonzalez for damages in excess of $75,000.00 exclusive of costs and attorney's fees.
76. Petitioners re-alleges Paragraphs 1-55; 58-61; 66-72 as if stated verbatim.
77. Petitioners seeks to set aside all pay on death, transfer on death and joint accounts that Decedent had with Respondent.
78. Petitioners had an expectancy to be a beneficiary of and receive property from the Decedent's Accounts and Estate.

79. Respondent intentionally interfered with the expectancy though tortious conduct, including duress, fraud, undue influence, breach of fiduciary duty, and self-dealing.

80. If not for the tortious conduct of Respondent, all the Decedent's pay on death, transfer on death and joint accounts would have disbursed to the Estate and disbursed pursuant to his Will.

81. Through Respondent's tortious actions, she intentionally interfered by defrauding and unduly influencing the Decedent to change all the pay on death, transfer on death and joint accounts to herself.

82. Respondent is the direct cause of the tortious and intentional actions.

83. Petitioners have been damaged.

**WHEREFORE**, Petitioners, Gerald Russe and Susan Russe English, request judgment in their favor and against Respondent setting aside all pay on death, transfer on death and joint accounts that Decedent had with Respondent, awarding compensatory damages, pre and post judgment interest, and costs.

## COUNT 4 – CONVERSION

84. This is an action by Petitioners, Gerald Russe and Susan Russe English, against Respondent Deborah Russe Gonzalez for damages in excess of $75,000.00 exclusive of costs and attorney's fees.

85. Petitioners re-alleges Paragraphs 1-55; 58-61; 66-72 as if stated verbatim.

86. Respondent converted for her own use $67,000.00 the Decedent entrusted to her to hold for his benefit.

**WHEREFORE**, Petitioners, Gerald Russe and Susan Russe English, request judgment in their favor and against Respondent awarding compensatory damages, pre and post judgment interest, and costs.

## COUNT 5 – ELDER EXPLOITATION

87. This is an action by Petitioners, Gerald Russe and Susan Russe English against Respondent Deborah Russe Gonzalez for elder exploitation pursuant to Fla. Stat. §415.1111 and for damages in excess of $100,000.00 exclusive of costs and attorney's fees.

88. Petitioners, Gerald Russe and Susan Russe English, re-allege Paragraphs 1-55; 58-61; 66-72 as if stated verbatim.
89. Decedent was a vulnerable adult as defined by Fla. Stat. §415.102(28) as a person whose ability to perform the normal activities of daily living or to provide for his own care is impaired due to a mental and emotional dysfunction, the infirmities of aging, and having cancer.
90. Decedent lacked the ability to consent as defined by Fla. Stat. §415.102(15) as a person whose mental and emotional dysfunction, the infirmities of aging, and having cancer caused him to lack sufficient understanding or capacity to make or communicate responsible decisions concerning his own person or property.
91. Respondent exploited Decedent as defined by Fla. Stat. §415.102(8) for personal gain.
92. Respondent is subject to damages as defined by Fla. Stat. §415.1111.
93. Attorney fees are recoverable pursuant to Fla. Stat. §415.1111.

**WHEREFORE**, Petitioners, Gerald Russe and Susan Russe English, request judgment in their favor and against Respondent awarding compensatory damages, pre- and post-judgment interest, and attorney fees and costs as provided in Fla. Stat. §415.1111.

## COUNT 6 – REMOVAL OF PERSONAL REPRESENTATIVE

94. This is an action by Petitioners, Gerald Russe and Susan Russe English, against Respondent Deborah Russe Gonzalez for removal as personal representative pursuant to Florida Statute §733.504.
95. Petitioners re-allege Paragraphs 1-55 as if stated verbatim.
96. Respondent is the personal representative of this Estate.
97. Respondent has a conflict in that she will not sue herself for monies wrongfully taken as outlined previously that rightfully belong to the other beneficiaries pursuant to the Will. Florida Statute §733.504(9).

**WHEREFORE**, Petitioners, Gerald Russe and Susan Russe English, request judgment in their favor and against Respondent removing her as personal representative, appointing Gerald Russe as new personal representative, and awarding attorney fees and costs as provided in Florida Statute §733.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

*/s/ Gerald Russe*
_____
Gerald Russe

Signed on 26th day of July, 2022.

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged are true, to the best of my knowledge and belief.

*/s/ Susan Russe English*
_____
Susan Russe English

Signed on 26th day of July, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished in accordance with Rule 2.516 of the Florida Rules of Judicial Administration to all attorneys registered with the Florida e-portal service for this matter on this 26th day of July, 2022.

**KUHN LAW FIRM, P.A.**

*/s/ Robert D. Pollock, Esq.*
_____
Scott A. Kuhn, Esq. FBN 555436
Robert D. Pollock, Esq., FBN 1025628
6720 Winkler Road
Fort Myers, Florida 33919
Phone: (239) 333-4529
Email: pleadings@kuhnlegal.com