UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GERALD RUSSE and SUSAN R.
ENGLISH,

      Plaintiffs,

v.                                                     Case No.:  2:23-cv-145-SPC-KCD

DEBORAH RUSSE GONZALEZ,

      Defendant.

_____/

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. 9.) Defendant Deborah Russe Gonzalez responded (Doc. 19), making this matter ripe. For the reasons below, Plaintiffs' motion is granted in part and denied in part.

## I. Background

This is a probate dispute that has been litigated in state court for the last four years, yet just removed to this Court. Probate disputes are generally unfamiliar territory for federal courts. Indeed, the Supreme Court has essentially carved out such cases from federal jurisdiction. *See Marshall v. Marshall*, 547 U.S. 293 (2006).[1] But the Court need not dive into the jurisdictional question here because Plaintiffs' motion raises a procedural

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

defect—that removal is untimely. Although Gonzalez did not file a copy of each paper docketed in the state court action with her notice of removal as required, *see* Local Rule 1.06(b), the Court has all the information it needs to decide this issue.

Bernard Russe died in 2018 and the probate case was filed later that year. Although the Court does not have the entire state-court file, it can glean from the material available that the case has been contentious. Fast-forward to July 26, 2022, and Gerald Russe and Susan English filed a Third Amended Petition to remove Gonzalez as personal representative of the estate and for damages. (Doc. 6.) The petition alleges that Gonzalez breached her fiduciary duty by taking money from the estate she was not entitled to. (*Id.*)  Of note, all three parties—Deborah, Gerald, and Susan—are children of the decedent.

In October 2022, Gonzalez moved to dismiss the petition in state court on various grounds, including lack of subject-matter jurisdiction because it raised civil tort claims. (Doc. 1-2 at 16-17, 42-43.) In support of the motion to dismiss, Gonzalez argued:

> On March 5, 2019, Petitioners served their initial Complaint pursuant to Fla. Prob. Rule 5.025. This Probate Rule specifies the type of actions that are within the Probate Court's jurisdiction. Civil torts seeking monetary relief are not included on this list. The new amendment exceeds the Court's jurisdiction by now adding multiple torts which seek monetary relief based upon pre-death acts or omissions and is an attempt to convert non-probate assets into probate assets.

(Doc. 1-2 at 16.) In the end, Gonzalez conceded that the probate division could transfer the petition to the circuit court of general jurisdiction, rather than dismiss it. (*Id.* at 17-18.)

In February 2023, the state court denied the motion to dismiss, and Gonzalez was given 20 days to file an answer. (*Id.* at 1-2.) On the 20th day, Gonzalez removed the Third Amended Petition to this Court based on diversity jurisdiction. (Doc. 1.)

## II. Legal Standard

A plaintiff may seek remand of a removed action based on two grounds: "(1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1043-44 (11th Cir. 2001); *see also* 28 U.S.C. § 1447(c). The "timeliness of removal is a procedural defect—not a jurisdictional one." *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010).

Due to "significant federalism concerns arising in the context of federal removal jurisdiction," removal requirements and limitations are "strictly interpreted and enforced." *Russell*, 264 F.3d at 1049. "[A]mbiguities are generally construed against removal," and "uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) (noting that the "[d]efendant's right to remove and [the] plaintiff's right to choose his forum are not on equal footing"). It is the defendant's burden to show

that removal is proper. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

The procedure for removal to federal court is governed by 28 U.S.C. § 1446. Under the statute, where the requirements for diversity jurisdiction can be derived from the face of the complaint, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of the initial pleading." 28 U.S.C. § 1446(b)(1). But when the initial pleading discloses no basis for removal, a defendant is not without a remedy. "[A] notice of removal may be filed within 30 days after recei[ving] . . . a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). This late-removal procedure itself has a limit, however. A case that later comes to satisfy the substantive requirements of federal diversity jurisdiction may not be removed "more than 1 year after the commencement of the action." *Id.* § 1446(c)(1).

The sole exception to this one-year removal cutoff is where "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* Bad faith is generally triggered where "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal." *Id.* § 1446(c)(3)(B).

## II. Discussion

The Amended[2] Notice of Removal states, "this action became removable on July 26, 2022, when: Defendant was served with the Third and Final Petition to Remove Personal Representative and for Damages." (Doc. 10.) This allegation, according to Plaintiffs, proves that Gonzalez's notice of removal (coming approximately seven months later) is untimely. Plaintiffs argue that Gonzalez's receipt of a pleading that was removable triggered the thirty-day window for her to act. In other words, Gonzalez was required to remove within thirty days of July 26, 2022, that is, by August 25, 2022. (Doc. 9.)

Gonzalez opposes remand, claiming she had one year from filing the Third Amended Petition to remove the case based on diversity jurisdiction under § 1446(c)(1). (Doc. 19.) That is, until July 26, 2023.

Gonzalez is wrong. The removal statute gives a defendant thirty days from the receipt of a pleading or other paper that creates jurisdiction. The one-year provision that Gonzalez references is not an extension of this removal period. To the contrary, it is a hard cap—a case that has been pending for more than a year is not removable regardless of receipt of an amended pleading or paper that triggers jurisdiction. Section 1446(c)(1) provides that "[a] case may

---

[2] After the case was removed, Gonzalez filed a one-page amended notice of removal to correct the basis for removal. (Doc. 10.) The amendment is immaterial to the issues here.

not be removed under subsection (b)(3) on the basis of [diversity] jurisdiction more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[3] 28 U.S.C. § 1446(c)(1). Cases interpreting § 1446 confirm that it does not create a year-long removal period. Rather, "by the statute's plain and unambiguous language, the right of removal expires one year after the commencement of a lawsuit." *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1298 (M.D. Fla. 2018).

The record here establishes that neither the thirty-day period, nor the one-year limit, in § 1446 are satisfied. Gonzalez admits that the Third Amended Petition was removable when filed in July 2022. (Doc. 10.) Yet she waited and chose to litigate the Third Amended Petition in state court for seven months before coming to federal court. The removal statute does not allow Gonzalez refuge on such facts. But even if she had timely acted upon receipt of Third Amended Petition, the one-year limit would otherwise preclude removal since the state court suit has been pending since 2018. *See, e.g.*, *Vachon v. Travelers Home & Marine Ins. Co.*, 20 F.4th 1343, 1348 (11th Cir. 2021) ("The one-year period for a defendant to remove an action to federal court begins when the plaintiff files his complaint in state court, not when he amends his

---

[3] There is no argument that Plaintiffs acted in bad faith.

complaint to add a new claim years later." (Pryor, Chief Judge and Lagoa, Circuit Judge concurring).)

That leaves the issue of attorneys' fees. Plaintiffs seek fees and costs for the improper removal. (Doc. 9 at 6.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees [turns] on the reasonableness of the removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* The Court denies the request for fees and costs because a thorough review of the briefing reveals a colorable, although misplaced, basis for removal.

Accordingly, it is **ORDERED**:[4]

1. Plaintiffs' Motion to Remand (Doc. 9) is **GRANTED IN PART AND DENIED IN PART**. Remand is granted, but attorneys' fees are denied.

---

[4] Because a motion to remand does not address the merits of the case but merely changes the forum, the Court finds it is a non-dispositive matter that does not require a report and recommendation. *See Franklin v. City of Homewood*, No. CIV.A. 07-TMP-006-S, 2007 WL 1804411, at *3 (N.D. Ala. June 21, 2007).

2. This action is remanded to the Circuit Court of the Twentieth Judicial Circuit in and for Hendry County, Florida.

3. If no objections are filed within 14 days of this order, which is the time allotted under Fed. R. Civ. P. 72, the Clerk is directed to remand this case back to state court by transmitting a certified copy of this Order to the clerk of court for the Twentieth Judicial Circuit in and for Hendry County, Florida. Following remand, the Clerk is directed to deny any pending motions, terminate all deadlines, and close the case.

4. If objections are timely filed, the Clerk is directed to hold disposition until so ordered by the District Judge.

**ENTERED** in Fort Myers, Florida on April 2, 2023.


Kyle C. Dudek
United States Magistrate Judge


Copies:  All Parties of Record